

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,841-01

## EX PARTE MARCUS WHITE, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 20080D04787-409-1 FROM THE 409TH DISTRICT COURT
### IN EL PASO COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### <u>CONCURRING OPINION</u>

More than eight years ago, the Eighth Court of Appeals affirmed Applicant's conviction for murder. *White v. State*, No. 08-09-00269-CR, 2011 WL 4825650 (Tex. App.–El Paso del. Oct. 12, 2011) (not designated for publication). Just last fall, he filed an application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. Applicant raised three claims: prosecutorial misconduct, actual innocence, and ineffective assistance of trial counsel. While I agree with the majority that the application should be remanded to the

convicting court for further fact development, I write separately to suggest that the convicting court also consider examining the as-yet unraised issue of laches.

Laches is "neglect to assert [a] right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity." *Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013) (citing BLACK'S LAW DICTIONARY). In Texas, courts may exercise the power to consider laches *sua sponte*. *Ex parte Smith*, 444 S.W.3d 661, 663 (Tex. Crim. App. 2014). They are free to raise laches on their own accord because society has an interest in "finality of convictions, the preservation of judicial resources, and the criminal law's deterrent and rehabilitative functions—values that may be beyond the concern of the parties in a particular case . . . ." *Id*. at 668–669. Here, because the convicting court already is charged with further developing the facts, it is the proper venue to take up the laches issue.

Texas' laches doctrine is broad: courts should consider "anything that places the State in a less favorable position." *See Ex parte Perez*, 398 S.W.3d at 215. In *Smith*, we explained:

> "[T]he writ of habeas corpus is an extraordinary remedy, any grant of which must be underscored by elements of fairness and equity." To determine whether equitable relief should be granted then, it behooves a court to determine whether an applicant has slept on his rights and, if he has, whether it is fair and just to grant him the relief he seeks. The expanded approach ensures that courts keep, at the fore, the State's and society's interest in the finality of convictions, and consider the trial participants' faded memories and the diminished availability of evidence. In these case-by-case inquiries, courts should consider, among other things, the length of applicant's delay in requesting equitable relief, the reasons for the delay, and the degree and type of prejudice borne by the State resulting from applicant's delay. But equity does not require that an applicant be barred from relief by mere delay alone. In *Perez*, we held that delay may be excused when the record shows that (1) an applicant's delay was not unreasonable because it was due to a justifiable excuse or excusable neglect; (2) the State would not

be materially prejudiced as a result of the delay; or (3) the applicant is entitled to equitable relief for other compelling reasons, such as new evidence that shows he is actually innocent of the offense.

*Id.* at 666–667 (quoting *Ex parte Perez*, 398 S.W.3d at 216). Because Applicant waited over eight years to file this writ application, and because it is within the convicting court's power to consider laches, the issue calls out for consideration.

FILED:      April 15, 2020
DO NOT PUBLISH